IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDGAR M. MEDINA-SANCHEZ

Petitioner

vs                                                                                                    CIVIL 08-1996CCC

UNITED STATES OF AMERICA

Respondent

## OPINION AND ORDER

The action now before us is a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 filed by petitioner Edgar M. Medina-Sánchez (**docket entry 2**). Petitioner was convicted of one count of conspiracy to possess with intent to distribute cocaine on October 11, 2002 in criminal case number 01-737 and re-sentenced[1] on August 30, 2007 to 188 months of imprisonment, a five year term of supervised release, assessed $100.00 and ordered to forfeit to the United States the amount of $21,000.00.

Petitioner's motion follows two appeals and identifies the following grounds to vacate his sentence at pp10-12:

1. Denial of effective assistance of counsel during pre-trial, trial and sentencing;

2. Denial of effective assistance of counsel at sentencing;

3. Ineffective assistance of counsel–Counsel failed to seek downward departure based upon Post-conviction Rehabilitation Efforts; and

4. Ineffective assistance of counsel.

Medina-Sánchez states that all of these grounds would be discussed in his memorandum of law, which was finally filed on February 17, 2009, docket entry 8.

---

[1] The original judgment included a term of imprisonment of 235 months, which was vacated on appeal and remanded for re-sentencing. See, criminal docket entry 332. Medina-Sánchez was re-sentenced on April 24, 2006 to 188 months imprisonment, criminal docket entry 343, which, on appeal, was once again vacated, see, criminal docket entry 3357, and remanded for re-sentencing.

CIVIL 08-1996CCC                                2

      Medina-Sánchez' memorandum provides no more factual information about his claims than do the statements, above, from his petition. At page 2, they appear as follows:[2]

> 5. Petitioner raised in his original motion of habeas corpus the fact that his attorney's (trial & sentence) failed to represent him in a constitutional manner.
>
> 6. That both lawyers' performances fell below an objective standard of reasonableness required under Strickland v. Washington, 466 US 668,787 (1984).
>
> 7. That but for both counsels' ineffective assistance, the outcome would likely have been different. See, Cofske v. US, 290 F.3d. 437, 441 (1st. 2002).
>
> 8. That counsel is entitled to exercise professional judgment, and the failure to attack the enhancements, on both proceedings, at the sentencing hearing, "were so obvious, and promising that no competent lawyer could have failed to pursue it." Arroyo v. US, 195 F.3d. 54, 55 (1st Cir. 1999).
>
> 9. Also, that during the resentence process the failure to address petitioner's 3553(a) factors to the sentencing court was ineffective assistance depriving petitioner of his constitutional rights.
>
> 10. In conclusion petitioner avers that there is reason to doubt that defendant would receive the same sentence under the advisory guidelines because the district judge re-sentenced petitioner to the lowest permitted by the then erroneous view accepted as reasonable under the new advisory guidelines.
>
> 11. Pristine clear, the following argument and case law will support petitioner's contention that he is entitled to habeas relief and his sentence should be vacated and set aside.

What follows is seven pages of case law summary and history, more attuned to a law review note than the facts of his case. The Motion lacks any content that goes beyond the vague generalities of petitioner's claims to give shape or substance to his challenges to his attorneys' representation. As close as Medina-Sánchez gets to the facts of his own case are paragraphs such as the following:

---

[2] Spelling and grammatical errors have been corrected.

CIVIL 08-1996CCC                                    3

> For example, Petitioner asks this Honorable Court to consider that prior to his incarceration, he has no criminal record, was a law abiding citizen, working hard and honest. Petitioner has his high school diploma, and other certificates that could be provided to the court. His family background is another factor that could afford him a new day in court.

Memorandum of Law, page 6.

In sum, Medina-Sánchez has failed to present any identifiable claims of ineffective assistance of counsel. Only one conclusory statement is made–counsel failed to seek downward departure based upon post-conviction rehabilitation efforts–but no facts are provided that would give the Court a clue to its evaluation.

Petitioner having failed to support his vague allegations of ineffective assistance of counsel with any facts or argument, the Motion to Vacate, Set Aside or Correct Sentence, (**docket entry 2**) is DENIED, and the action is DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on March 27, 2009.

                                         S/CARMEN CONSUELO CEREZO
                                          United States District Judge